**Martin CLARK, Plaintiff,**

v.

**NEW YORK CITY POLICE DEPARTMENT, Defendant.**

No. 95–CV–2272 (JG).

United States District Court, E.D. New York.

May 23, 1996.

Martin Clark, Eaton Park, FL, Plaintiff, pro se.

Paul A. Crotty, Corporation Counsel of the City of New York, New York City (Felicia Dunn–Jones, of Counsel), for Defendant.

## MEMORANDUM AND ORDER

GLEESON, District Judge.

 Plaintiff, Martin Clark, brings this case pursuant to 42 U.S.C. § 1983, alleging that several named police officers arrested him without cause, beat him, and denied him medical treatment for ten hours. Defendant, the New York City Police Department, has moved to dismiss the case based on the fact that plaintiff has failed to allege any departmental or municipal policy that caused the alleged deprivation of plaintiff's constitutional rights.

A municipality cannot be held liable under 42 U.S.C. § 1983 for tortious actions of an employee absent an official policy or practice that is responsible for such actions. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Plaintiff has the burden of showing that a policy or practice operated to deprive him of his constitutional rights. *Id.* To do this, plaintiff must prove that individuals with final authority to make policy made such a policy that resulted in the deprivation of plaintiff's rights. *See Rookard v. Health & Hospitals, Corp.*, 710 F.2d 41, 45 n. 4 (2d Cir.1983); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983); *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir.1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980).

A single incident, without more, is insufficient to establish an official policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). In *Tuttle*, the Court found that it was reversible error to hold a city liable for the fatal shooting of plaintiff's husband, where an official policy to violate constitutional rights was inferred only from that single incident. *Id.* at 820–824, 105 S.Ct. at 2433–36. The Court held that a reasonable jury could not infer the existence of such a policy from merely that one occurrence. *Id.*

In this case, plaintiff has failed to allege any policy or practice, nor has he included any facts to support the existence of such a policy beyond the single event of which he complains. Even assuming the allegations in the complaint are true, plaintiff fails to state a claim against defendant as a matter of law. Accordingly, the complaint is dismissed.

So Ordered.